UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



**FILED**

AUG. 23, 2021

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

|  |  |
|---|---|
| SHUSHEAN WONG, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     Civil Action No. 1:21-cv-02062 (UNA) |
| | ) |
| MERRICK GARLAND, | ) |
| | ) |
| Defendant. | ) |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on plaintiffs' applications to proceed *in forma pauperis* ("IFP") and their *pro se* complaint.  The court will grant the applications to proceed IFP and dismiss the complaint for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the court determines that it lacks subject matter jurisdiction), and for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiffs, Shushean Wong and David Lee Koplow, have filed a complaint seeking the issuance of a writ of habeas corpus, and other declaratory and injunctive relief.  Wong is domiciled in Massachusetts and Koplow's location is unclear.  Wong, seemingly the mother of a minor child, CW, alleges that she and the child are subjects of a "violent criminal conspiracy," which has resulted in (1) CW's removal from her care which Wong equates to "kidnapping[,]" and (2)  threats to imprison Wong so that she is unable "to litigate for her [CW]" and bring CW back into her care. Wong alleges that she has attempted to contact the Attorney General several times by letter in order to report this alleged government conspiracy to "kidnap and imprison children from [their] natural famil[ies]" orchestrated by unknown actors "to make money by abuse of sovereign power

and state corruption."   Wong's attempts to contact the Attorney General have been allegedly thwarted, however, by the mail clerk at the Office of the Attorney General.   Wong believes that the Attorney General "is the only one who can right the wrong done to" her and seeks (1) an order from this court granting her access and the ability to communicate directly with the Attorney General, and (2) a writ of habeas corpus returning CW to her custody and care.   Plaintiffs has also filed a motion for preliminary injunction seeking the same relief.

Here, plaintiffs face hurdles that they cannot overcome.   First, Koplow's connection to these facts and claims is entirely ambiguous.   *See* Fed. R. Civ. P. 8(a).   Second, a "writ of habeas corpus shall not extend to a [plaintiff] unless" she is "in custody" under some authority. 28 U.S.C. § 2241(c). A person is generally considered "in custody" if she is being held in a prison or jail, or if she is released on conditions of probation or parole, *see, e.g., Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963) (holding that a paroled petitioner is "in custody" because parole restrictions "significantly restrain petitioner's liberty"), or subject to other "substantial" non-confinement restraints on liberty, *see, e.g., Hensley v. Municipal Court*, 411 U.S. 345, 351–53 (1973) (holding that a petitioner released on his own recognizance pending appeal of his sentence was "in custody" for purpose of habeas). Nothing in the complaint suggests that either of the plaintiffs are currently is incarcerated, or are probationers or parolees, or are otherwise restrained as defined by the statute. Assuming *arguendo* that Wong is, as represented, "next friend" for CW, which the court does not concede based on the other circumstances alleged, she still may not seek a writ of habeas corpus on CW's behalf because there is similarly absolutely no indication that CW, a minor, is "in custody" as defined by the habeas corpus statute.

Third, plaintiffs may not initiate criminal proceedings by filing a complaint with this court. *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (holding that the

judiciary "will not lie to control the exercise" of Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) (holding same).  Similarly, plaintiffs cannot compel a criminal investigation, or force the Office of the Attorney General to take specific action, by filing a complaint with the court.  *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).

Finally, to the extent that plaintiffs seems to contest the custody determination regarding CW, any such allegations fail to implicate constitutional or federal statutory rights, and as such, should be contested in the relevant local court(s) where the proceedings were initiated.  *See Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981) (no constitutional right to counsel in civil actions where plaintiff's personal liberty is not at stake); *see also Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (child custody issues uniquely suited to resolution in local courts).

For all of the foregoing reasons, the complaint, ECF No. 1, and this case, are dismissed, and the motion for preliminary injunction, ECF No. 3, is denied for the same reasons discussed herein.  A separate order accompanies this memorandum opinion.

Date: August 23, 2021                  /s/_____
                                         EMMET G. SULLIVAN
                                        United States District Judge